[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANTS' MOTION FOR PARTIAL SUMMARYJUDGMENT RE SYRACUSE BASED ON LATE NOTICE
Defendant's motion is directed at only the Syracuse site. It is based on the ground that no action for insurance coverage under the defendant's policies shall lie "unless as a condition precedent thereto, the insured shall have fully complied with all the terms of the policies including giving notice of an occurrence involving damage as soon as practicable to the insurer."
Facts
The claimed occurrences and spills date from 1978 through 1984.
The defendant is an excess insurance carrier. In the April 1994 complaint the plaintiff in Appendix A lists all of the policies under which it claims. For the defendant here it lists the following:
 63-005-080 10/01/78-10/01/79 63-007-162 10/01/80-10/01/81 63-006-109 10/01/79-10/01/80 63003750 11/01/77-11/01/78 63005135 11/01/78-11/01/79
Plaintiff gave no notice of any occurrence or spill until November 2, 1993 and that was only deposition testimony of plaintiff's former employee Darcy Sacks. Defendant admits that in February 1994 plaintiff gave notice of a 1979 occurrence.
Plaintiff claims its filing of complaints and amended complaints is notice. The complaint was dated October 20, 1988. The first amended complaint was filed January 27, 1989. The second amended complaint was filed August 7, 1991. CT Page 6548
In plaintiff's brief dated September 12, 1994 in regard to this late notice issue, it argues that there is no evidence that it knew of TCE in the groundwater before the Dames and Moore report of March 24, 1986. That is not an occurrence. We have been given no date or dates when the TCE entered the groundwater. The spills or leaks of TCE are the occurrences that must be reported to the insurer with at least approximate dates.
Plaintiff's first two complaints also speak of TCE contamination being "found" in the groundwater in March of 1986. That is not an occurrence.
Law
The court will apply New York law.
Whether we consider only the occurrences claimed in the April 1994 complaint or all the spills claimed in the plaintiff's interrogatory responses the notice requirement exists.
Plaintiff's basic argument is that all the spills of TCE its employees were aware of from 1978 through 1984 were not "occurrences" until plaintiff had an expert's report that some TCE was in the groundwater. This theory is based on plaintiff's reading of the notice requirement to be triggered only when the insured has knowledge of a spill or occurrence and of resultant property damage.
Plaintiff also claims it has no duty to give notice to an excess insurance carrier such as defendant until it has incurred or knows it is possible that it will incur damages that reach the excess policy's coverage.[1]
I. Need to Know of Property Damage
All of the claimed occurrences or spills occurred on plaintiff's property and the party's agree that defendant's policies do not cover damage to plaintiff's own property.
It is clear enough that no action for coverage for occurrences in 1978 through 1984 that were not reported until 1993 could be brought. That time span is legally not "reasonable" or "practicable." Even if we push the notice date back to the October 20, 1988 complaint the result is the same. CT Page 6549
The question remains, does the insured's knowledge have to include potential damage to others before the notice requirement is triggered?
In both the original complaint and the second amended complaint in paragraph 120 and 205 respectively the plaintiff states that in March 1986 TCE groundwater contamination was found and reported to EPA. In neither complaint does plaintiff say that it had learned of property damage, it simply states in paragraph 132 and 217 respectively that the "contamination alleged in the Underlying Environmental Claims constitutes property damage under the liability policies." Of course, only damage to property of others is covered under the policies. From this it is clear that plaintiff knew in March 1986 that those occurrences constituted property damage and thus they had all the knowledge necessary to file a claim. With that knowledge in hand they had a contractual obligation to give notice to defendant. They did not give such notice in a reasonable time nor as soon as practicable.
II Knowledge of Amount of Damages Obligating Excess Coverage
Plaintiff cites the court to a "See" citation following its claim that under New York law it was only obligated to provide notice to a particular excess carrier when Carrier first knew or believed that the amount of damages in connection with the claim . . . would reach the level of insurance available under the particular excess insurer's policy". (Emphasis in original). The citation is Avondale Industries, Inc. v. Travelers Indem.Co., 774 F. Sup. 1416, 1429 (S.D.N.Y. 1991). The court finds no help on that page.
The rule is that the insured must give notice of an occurrence when "the circumstances known to the insured at that time would have suggested to a reasonable person the possibility of a claim" against it. Commercial Union Ins. Co. v.International Flavours and Fragrances, Inc., 822 F.2d 267, 272
(2nd Cir. 1987).
It is true that there are possible mitigating circumstances which plaintiff might prove to excuse its tardiness e.g. its "reasonable belief that there is no insurance coverage available to cover any claim that might arise from the occurrence" AvondaleIndustries, Inc. v. Travelers Indem. Co., supra 1430-1431. We CT Page 6550 might have a similar situation here but we have no facts offered to support it.
In addition defendant has not given the court any evidence that plaintiff had any facts from which plaintiff could form a reasonable belief that its potential damages would reach the level of defendant's excess insurance coverage. It has not even given the court the amount of the primary insurance which is to be exhausted before defendant's excess coverage takes effect.
Motion for partial summary judgment is denied.
N. O'Neill, J.